## Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Lucius B. Bacon et al.

1. COMMON CARRIER—*propriety of excluding shipper's contract from jury.* Upon this question the decision of the court is controlled by the ruling in C., C., C. & St. L. Ry. Co. v. Pinnell, *post*, p. 571, to which reference is made.

2. COMMON CARRIER—*what does not relieve, from liability.* Where the contract for shipment is one for through carriage, relief from liability cannot be obtained by showing that the negligence charged was that of a connecting carrier.

Action on the case. Appeal from the Circuit Court of Edgar county; the Hon. J. W. CRAIG, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed June 1, 1907.

GEORGE F. McNULTY, for appellant; C. S. CONGER and R. L. McKINLAY, of counsel.

J. W. HOWELL, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Lucius B. Bacon and Milton Mills brought suit against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company in the Circuit Court of Edgar county to recover damages for an alleged failure of the railway company to transport within a reasonable time eighty head of fat cattle from Ridge Farm, Illinois, to Union Stock Yards in Chicago. There was a verdict in the Circuit Court below in favor of Bacon and Mills in the sum of $450, upon which the court rendered judgment. The railway company has appealed.

In this case the question is presented whether or not the trial court was in error in refusing to allow a shipper's contract in writing, containing limitations or restrictions in favor of the carrier, to go to the jury when there is any evidence tending to show that the shipper knew of the contents of the agreement or assented to its terms.

The precise question was before this court in the case of C., C., C. & St. L. Railway Co. v. Pinnell, *post,* p. 571, where such action of the court was held to be error. The holding there is decisive of this case and renders a reversal necessary.

The further question is presented whether or not it was error for the court to refuse to allow appellant to prove after it had received the cattle from appellee that appellant notified the C. & E. I. Railway Company, its connecting carrier at Danville, Illinois, that such cattle were en route and when they would arrive in Danville and that the latter railway company refused to hold its Chicago stock train there to receive such cattle and convey them promptly to their destination. The bill of lading involved was a through bill from Ridge Farm to consignee in care of Clay, Thompson & Company, Chicago, and the shipper was in no way responsible for the selection of the connecting carrier. This question is practically identical with that recently determined by this court in the case of Wabash Railroad Co. v. Thomas, 122 Ill. App. 569-570, affirmed in 222 Ill. 337, where it was held that the carrier, under such a contract, could not relieve itself from liability by showing a mere delivery to a connecting carrier.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*